# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CIVIL ACTION NO. 1:03-CR-0089 |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **KEVIN LAMARR BETHEA** | : | |

## ORDER

AND NOW, this 1st day of December, 2005, upon consideration of the order of court dated June 27, 2005 (Doc. 32), directing defendant to show cause why the motion to vacate sentence (Doc. 30) should not be denied for failure to file within the applicable limitations period, see 28 U.S.C. § 2255 ("A 1-year period of limitation shall apply to a motion under this section."); see also United States v. Bendolph, 409 F.3d 155, 164 (3d Cir. 2005) (providing that the court may raise § 2255 limitation period *sua sponte*), and of defendant's response thereto (Doc. 33), averring that he did not discover that counsel had failed to file an appeal on his behalf until more than one year after this court's imposition of sentence, and the court finding that defendant has not set forth facts sufficient for a demonstration of due diligence, see 28 U.S.C. § 2255 (providing that the limitations period may be tolled until "the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence"); United States v. Chew, 284 F.3d 468, 470-71 (3d Cir. 2002); cf. Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but does require reasonable diligence in the circumstances."); Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) ("[P]etitioner must show that he or she exercised reasonable diligence in investigating and

bringing the claims. Mere excusable neglect is not sufficient."); Aron v. United States, 291 F.3d 708, 712 (11th Cir. 2002) ("Due diligence . . . does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable opinion, but rather to make reasonable efforts.") (cited with approval in Betterbox Comm. Ltd. v. BB Tech., Inc., 300 F.3d 325, 338 (3d Cir. 2002), it is hereby ORDERED that the motion to vacate sentence (Doc. 30) is DENIED for failure to file within the applicable limitations period. See 28 U.S.C. § 2255.

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge