IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | CIVIL ACTION NO. 1:03-CR-0089 |
| : | |
| v. : | (Judge Conner) |
| : | |
| **KEVIN LAMARR BETHEA** : | |

## ORDER

AND NOW, this 6th day of July, 2006, upon consideration of defendant's motions (Docs. 34, 45) for the return of property seized by the government,[1] see FED. R. CRIM P. 41(g) ("A person aggrieved by the unlawful search and seizure of property or by the deprivation of property may move for the property's return."); see also United States v. Bein, 214 F.3d 408, 411 (3d Cir. 2000) ("[T]he Government may seize evidence for use in an investigation and trial, but . . . it must return the property once criminal proceedings have concluded, unless it is contraband or subject to forfeiture."), and for an order to show cause why the motion should not be granted, and the court finding that evidence of record demonstrates that notice of the seizure and intent to forfeit was sent to defendant's home and to defendant's attorney, and published in the Wall Street Journal (see Doc. 42), see 19 U.S.C. § 1607 (setting forth notice procedures for forfeiture actions); see also 18 U.S.C. § 981(d); 21 C.F.R. § 1316.77, that neither defendant nor anyone else claimed the property, (see Doc. 42), and that the property has been forfeited to the United States

---

[1] Although defendant contends that $1,800 in United States currency, two cellular telephones, and a "2-way" pager were taken (see Doc. 34), the evidence indicates that only the pager and $1,590 were seized (see Doc. 40, Exs. A, B).

or destroyed in accordance with law,[2] (see Docs. 40, 41, 42), see also United States v. Chambers, 192 F.3d 374, 377 (3d Cir. 1999) (stating that the government may demonstrate a "legitimate reason to retain the property" by demonstrating a "cognizable claim of ownership or possession adverse to that of the movant"), 19 U.S.C. § 1609(b) ("A declaration of forfeiture . . . . vest[s the forfeited property] in the United States free and clear of any liens or encumbrances . . . ."), it is hereby ORDERED that the motions (Doc. 34, 45) for return of property and for an order to show cause are DENIED.

    /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] The currency was forfeited to the United States (see Doc. 40, Exs. C, D; Doc. 42), while the pager was destroyed after defendant's girlfriend failed to respond to correspondence asking her to retrieve various personal belongings (see Doc. 40, Exs. G, H, I; Doc. 41).