# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**        :   CIVIL ACTION NO. 1:03-CR-0089
                                    :
    **v.**                             :   (Judge Conner)
                                    :
**KEVIN LAMARR BETHEA**              :

## ORDER

AND NOW, this 5th day of September, 2006, upon consideration of defendant's motion (Doc. 49) for reconsideration of the order of court dated July 6, 2006 (Doc. 47), denying a petition for the return of property seized by the government,[1] see Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."), and it appearing that the motion repeats arguments addressed by the court in its order denying the petition for return of property (see Doc. 47), see Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 (M.D. Pa. 1994) ("A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of."), that substantial evidence of record demonstrates that notice of the seizure and intent to forfeit was sent to defendant's home and to defendant's attorney, and published in the Wall Street Journal (see Doc. 42, Ex. A; Docs. 41, 42), see 19 U.S.C. § 1607 (setting forth notice procedures for forfeiture actions); see also 18 U.S.C. § 981(d); 21 C.F.R. § 1316.77, that neither defendant nor anyone else claimed the property, (see Doc. 42), and that

---

[1] See FED. R. CRIM P. 41(g).

the property has been forfeited to the United States or destroyed in accordance with law, (see Docs. 40, 41, 42), see also United States v. Chambers, 192 F.3d 374, 377 (3d Cir. 1999) (stating that the government may demonstrate a "legitimate reason to retain the property" by demonstrating a "cognizable claim of ownership or possession adverse to that of the movant"), 19 U.S.C. § 1609(b) ("A declaration of forfeiture . . . . vest[s the forfeited property] in the United States free and clear of any liens or encumbrances . . . ."), it is hereby ORDERED that the motion for reconsideration (Doc. 49) is DENIED.

      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge